UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

EMMANUEL ORUCHE,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2022

07 Cr. 124-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Emmanuel Oruche, a prisoner who was serving his sentence at the Federal Correctional Institution Schuylkill, Def. Mem., ECF No. 223, and is now located at the Federal Correctional Institution Victorville Medium I, ECF No. 228, moves, principally in light of the COVID-19 pandemic, for a reduction of his term of imprisonment under the federal compassionate release statute codified at 18 U.S.C. § 3582(c)(1)(A), *see* Def. Mem. For the reasons stated below, Oruche's motion is GRANTED.

## BACKGROUND

In 2008, Oruche was convicted of two counts of conspiracy to distribute and possess with the intent to distribute heroin and two counts of conspiracy to import heroin. ECF No. 192 at 1–2; 6/25/2008 Docket Entry. On February 3, 2009, the Honorable William H. Pauley III sentenced Oruche to 270 months in prison and ten years of supervised release. ECF No. 144. Due to an error in the sentencing guidelines calculation, on June 23, 2011, Judge Pauley resentenced Oruche to 240 months' imprisonment and ten years of supervised release. 6/23/2011 Docket Entry; ECF Nos. 185–86. According to the Government, his release date is April 29, 2024. Gov. Opp'n at 1, ECF No. 226. Because Oruche is over 60 years old and has served two-thirds of his sentence, the BOP would have discretion to place him into home confinement—however, Oruche is ineligible for this program because he is subject to a detainer issued by Immigration and Customs Enforcement ("ICE"). *Id.* at 2 n.3.

Oruche, age 63, states that he suffers from glaucoma, hypertension, high blood pressure, stage three chronic kidney disease, benign hypertensive renal disease, and hyperlipidemia. Def. Mem. ¶ 3. His medical records from the Bureau of Prisons ("BOP"), filed under seal with the Court, confirm these diagnoses and also indicate that he is obese. Gov. Opp'n at 2; Gov. Opp'n Ex. A at 3. On April 18, 2020, he filed a petition for compassionate release with the warden of the Moshannon Valley Correctional Center, where he was incarcerated at the time, which was denied on May 29, 2020. Def. Mem. ¶ 1; Def. Ex. at 2, ECF No. 223-1.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Oruche must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—

2

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct; [and]
>> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The parties agree that Oruche has exhausted his administrative remedies. Gov't Opp'n at 2 n.5. Therefore, the Court only addresses whether he has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

I. Extraordinary and Compelling Reason

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19. *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting

3

cases). Oruche's BOP medical records indicate that he has been diagnosed with hypertension, is obese, and is over 60 years old, all of which, as this Court has previously recognized, can render individuals more vulnerable to COVID-19. *United States v. Zukerman*, 451 F.Supp.3d 329, 334 (S.D.N.Y. 2020).

Oruche is fully vaccinated against COVID-19. However, it is unclear on the record before the Court whether Oruche has had the opportunity to receive a third "booster" dose of the vaccine. Gov. Opp'n Ex. A at 77. Courts in this district have generally found that the vaccine provides "significant protection against serious illness or death should [a defendant] contract COVID-19," and have thus denied release on compassionate release grounds in such cases. *United States v. Diaz*, No. 19 Cr. 65, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021). However, the bulk of those decisions pre-date the emergence and rapid transmission of the Omicron variant. Though the vaccines still provide substantial protection against hospitalization and death, preliminary clinical data indicates that the vaccines' effectiveness no longer remains as robust against Omicron, particularly for individuals like Oruche with numerous underlying comorbidities. For instance, one study, based on clinical data from South Africa, where Omicron was first discovered, demonstrates that the vaccines have a 70% effectiveness rate against hospitalization from Omicron, as compared to 93% effectiveness against the prior Delta variant.[1] Another study of fully-vaccinated individuals by the Centers for Disease Control and Prevention ("CDC") found that "[a]ll persons with severe outcomes" including hospitalization and death had at least one "risk factor,"—age, immunosuppression, or an underlying comorbidity, including obesity and kidney disease—and that 77.8% of those who died had four or more risk factors.[2]

---

[1] Shirley Collie et al., *Effectiveness of BNT162b2 Vaccine Against Omicron Variant in South Africa*, N. ENG. J. MED. (Dec. 29, 2021), https://www.nejm.org/doi/full/10.1056/NEJMc2119270.
[2] Christina Yek et al, *Risk Factors for Severe COVID-19 Outcomes Among Persons Aged ≥18 Years Who Completed a Primary COVID-19 Vaccination Series — 465 Health Care Facilities, United States, December 2020–October 2021*, 17 MMWR Morbidity Mortality Weekly Rep. 19, 19–21, (January 7, 2022), https://www.cdc.gov/mmwr/volumes/71/wr/pdfs/mm7101a4-H.pdf.

CDC Director Rochelle Walensky cited this study as evidence that the "overwhelming number of [recent] deaths" from COVID-19 occur in people with multiple co-morbidities.[3]  Finally, COVID-19 cases are rising at Victorville.  As of February 1, 2022, 50 inmates at Victorville Medium I were confirmed to have active cases of COVID-19.[4]  For these reasons, a number of courts in this district have recently granted compassionate release to defendants with co-morbidities on the ground that the "wildly contagious Omicron variant [] constitutes an extraordinary and compelling reason to grant the requested relief."  *United States v. Rose*, No. 03 Cr. 1501, 2022 WL 19174, at *1 (S.D.N.Y. Jan. 3, 2022); *see also, e.g.*, *United States v. Brunetti*, No. 01 Cr. 257, 2022 WL 92753, at *4 (S.D.N.Y. Jan. 10, 2022).

II. Section 3553 Factors

The Court further finds that the § 3553 factors do not counsel against granting the requested relief.  Oruche was initially sentenced to twenty years in prison, the mandatory minimum term of imprisonment for his crime of conviction.  6/23/2011 Docket Entry.  There is no doubt that the nature of Oruche's criminal conduct was extremely serious.  However, under the First Step Act, the mandatory minimum for this offense was reduced to fifteen years.  *See* Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220–21 (2018).  He has served what is now the mandatory minimum.  Courts have concluded that those in Oruche's position have been adequately punished once they have served the mandatory minimum under the First Step Act. *See Brunetti*, 2022 WL 92753, at *5–6.  Oruche has been incarcerated since February 2007, 2/28/2007 Dkt. Entry, and is due to be released in just over two years.  Factoring in good time credits, Oruche has already served nearly 75% of his sentence.  If he was not a citizen of Nigeria, subject to an immigration detainer, he would be eligible for release to the First Step Act's Home

---

[3] *CDC Director Responds to Criticisms on COVID-19 Guidance*, GOOD MORNING AMERICA (Jan. 10, 2022), https://www.goodmorningamerica.com/news/video/cdc-director-responds-criticisms-covid-19-guidance-82131389.
[4] *COVID-19 Cases*, Fed. Bur. of Prisons (last visited Feb. 1, 2022), https://www.bop.gov/coronavirus/.

5

Confinement for Low Risk Offenders program.  Gov. Opp'n at 2 n.3.  Moreover, as to the need to "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), because Oruche is subject to an ICE detainer, he will likely be deported upon his release.  The risk he poses to the community is, therefore, limited.  *See Brunetti*, 2022 WL 92753, at *6.  Further, the BOP lists his risk of recidivism as "minimum" and his risk to the community as "low."  Gov. Opp'n at 2 n.3.  The length of time Oruche has already served in prison is sufficient to "promote respect for the law, . . . provide just punishment . . . [and] afford adequate deterrence."  18 U.S.C. § 3553(a)(2)(A)–(B).

The Court must also take into account that when Judge Pauley sentenced Oruche in 2011, he could not have anticipated the pandemic and its effect on Oruche's term of incarceration.  As other courts in this district have found, "the sentence [Oruche] is now serving looks materially different from the sentence the Court envisioned."  *United States v. Garcia*, 505 F. Supp. 3d 328, 332 (S.D.N.Y. 2020); *see also United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *5 (S.D.N.Y. Mar. 3, 2021).  And finally, in looking to the "history and circumstances of the offender," the Court credits the many strides Oruche has made towards rehabilitation and improving his life, including participating in vocational classes and substance abuse programs while incarcerated.  Under these circumstances, the Court finds that a reduction in Oruche's sentence is warranted pursuant to § 3553.

## CONCLUSION

Accordingly, Oruche's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is GRANTED. Oruche is resentenced to time served, and ten years of supervised release, subject to any detainers. Oruche is to be released to ICE custody for the purposes of initiating his removal to Nigeria. This order is STAYED for twenty-one days to allow Oruche to make any applications to ICE regarding the immigration detainer, and to allow the BOP to make all necessary arrangements for Oruche's release into ICE custody. *See Brunetti*, 2022 WL 92753, at *7.

SO ORDERED.

Dated: February 1, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge