UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA           :

      - v. -                    :      12 Civ. 4072  (AT)
                                         07 Cr. 124    (AT)

EMMANUEL ORUCHE,           :

     Defendant.            :

-------------------------------------------------------------x

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM THE COURT'S DECEMBER 22, 2022 ORDER DENYING HIS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Margaret S. Graham
Assistant United States Attorney
- *Of Counsel* -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA                  :

     - v. -                                 :        12 Civ. 4072   (AT)
                                           07 Cr. 124     (AT)

EMMANUEL ORUCHE,                           :

     Defendant.                            :

------------------------------------------------------------------x

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM THE COURT'S DECEMBER 22, 2022 ORDER DENYING HIS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

The Government respectfully submits this memorandum in opposition to the recent motion filed by defendant Emmanuel Oruche on January 18, 2023, to set aside the Court's December 22, 2022 Order, which denied the defendant's habeas petition filed pursuant to 28 U.S.C. § 2255.

The procedural history of the defendant's multiple habeas filings is set out in detail in Magistrate Judge Parker's Report and Recommendation (the "Report"). Dkt. No. 37. In the Report, Judge Parker recommended that the Court dismiss the defendant's February 26, 2014 habeas petition as untimely (the "2014 Habeas Petition"). *Id.* Judge Parker noted that after filing a deficient habeas petition in 2012, the defendant was given multiple extensions to file an amended petition, and that the final deadline was on September 27, 2013. *Id.* at 11. But the defendant did not file the 2014 Habeas Petition until February 26, 2014 – approximately five months after the Court's final deadline for filing the motion. *Id.* As Judge Parker noted, the defendant did not provide any excuse for this tardiness. *Id.* Accordingly, Judge Parker recommended that the 2014 Habeas Petition be denied as untimely. *Id.* at 12.

On April 21, 2022, while the 2014 Habeas Petition was still pending, the defendant filed a motion styled as a "Supplemental Reply" (the "Supplemental Reply").  Judge Parker recommended that the Supplemental Reply be construed as a motion to amend the pending 2014 Habeas Petition, citing Second Circuit law holding that when a second habeas petition is filed before the first had been adjudicated, the Court should construe the second petition as a motion to amend the pending petition.  *Id.* at 12.  Judge Parker recommended that leave to amend be denied for undue delay, because the Supplemental Reply was filed more than seven years after the pending 2014 Habeas Petition was fully briefed, and the defendant did not provide any excuse for this delay.  *Id.* at 13.

On December 7, 2022, Judge Parker issued her Report recommending that the 2014 Habeas Petition be denied, noting that the parties had fourteen days to file written objections.  Dkt. No. 37.  No objections were filed, and on December 22, 2022, the Court adopted the Report in its entirety and denied the defendant's 2014 Habeas Petition.  Dkt. No. 38.

On January 18, 2023, the defendant filed the instant motion, claiming that the Court's order should be vacated because "material mistakes of fact were the basis for denial of Relief."  Dkt. No. 39, at 2.  In the motion, the defendant claims that his habeas petition was not untimely because his Supplemental Reply should not be construed as a motion to amend the 2014 Habeas Petition.

This motion should be denied.  As Judge Parker noted, the law is clear: where, as here, there is a pending habeas petition, a second habeas petition should be treated as a motion to amend the pending petition.  *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002).  The defendant's argument that the Supplemental Reply should be treated as supplementing, in some unspecified manner, his 2014 Habeas Petition is meritless.  But in any event, the Supplemental

2

Reply's effect on the 2014 Habeas Petition is academic because, as the Court held, the 2014 Habeas Petition was denied as untimely.[1]  Whether the Supplemental Reply is a permissible addition to such a petition, or an impermissible motion to amend, is therefore moot.  There is no timely petition here, and the defendant's latest motion, which offers no new facts or law for the Court's consideration, should be denied.

Dated:      New York, New York
           February 27, 2022

                           Respectfully submitted,

                           DAMIAN WILLIAMS
                           United States Attorney

                     By:_/s Margaret Graham_____
                           Margaret Graham
                           Assistant United States Attorney
                           Southern District of New York
                           (212) 637-2923

---

[1] The defendant also seeks a certificate of appealability from the Court's order.  This should also be denied, as there are not any issues that merits such a certificate.